**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DERRICK SMITH**                                                       **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO.** 3:23-cv-241-HTW-LGI

**MANAGEMENT & TRAINING CORPORATION**                   **DEFENDANT**

**COMPLAINT
JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Derrick Smith, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights pursuant to 42 U.S.C. §1981 and Title VII for race discrimination and Title VII for sex discrimination against the Defendant, Management & Training Corporation. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Derrick Smith, is an adult male who resides in Lauderdale County, Mississippi.

2. Defendant, Management & Training Corporation, is a Delaware for profit corporation licensed and doing business in the State of Mississippi and may be served with process by serving its Registered Agent: C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

**JURISDICTION AND VENUE**

3. This Court has federal question and civil rights jurisdiction for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981.

1

4. This Court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely filed his Charge of Discrimination with the EEOC on July 23, 2021, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on January 13, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 42-year-old black male resident of Lauderdale County, Mississippi.

7. Plaintiff was hired on February 17, 2020, as a Captain at Management & Training Corporation (MTC).

8. Plaintiff worked for MTC at the East Mississippi Correctional Facility (EMCF).

9. Beginning in March 2021, Plaintiff applied for the position of Deputy Warden.

10. Ultimately, the candidate selected for the position was Jacob Vigiliante (Hispanic white male).

11. Mr. Vigiliante's resume states that the highest position he ever held was Lieutenant.

12. Mr. Vigiliante was an acting Captain but never was promoted to the position of Captain.

13. Plaintiff's resume states that the highest position he ever held was Chief of Security, which is a higher-level position than Mr. Vigiliante has achieved.

14. Plaintiff concedes that Mr. Vigiliante has slightly more experience than he (Plaintiff) has, i.e., 16 years of experience as compared with Plaintiff's 15 years in corrections.

15. Yet, Plaintiff was promoted to Captain in February 2020, and Mr. Vigiliante's highest rank is Lieutenant.

16. As a result, Plaintiff contends it is reasonable to conclude he (Plaintiff) is as or more qualified than Mr. Vigiliante for the position.

17. Later that same month (March 2021), Plaintiff applied for the position of Special Housing Manager.

18. On March 26, 2021, Warden Hector Portillo and Keith Obanion (white male) interviewed Plaintiff for the position.

19. During that interview, Mr. Portillo told Plaintiff if he wanted to promote up, he would have to move away from EMCF.

20. Ultimately, the candidate selected for the position was Shericka Nelson (black female).

21. Ms. Nelson has less than one year of corrections experience and no supervisorial experience.

22. By contrast, Plaintiff has 15 years of experience in corrections and over ten years as a correctional supervisor.

23. Ms. Nelson's experience does not even meet the required minimum listed in the job requirements description.

24. On June 11, 2021, Plaintiff applied for the position of Chief of Security and was interviewed by Warden Portillo, Mr. Vigiliante, and Deputy Warden Ray Rice (white male).

25. On July 1, 2021, Mr. Portillo notified Plaintiff that the position was awarded to Justin Rowell (white male).

26. Plaintiff contends that Mr. Rowell has lesser qualifications and experience than he (Plaintiff) has.

27. During or around February 2021, before being selected for this position of Chief of Security, Mr. Rowell had accepted a demotion to the position of Training Lieutenant due to stress and admitting that he could not fulfill his duties as a Captain.

28. By comparison, Mr. Rowell resume indicates he has nine years of experience in a correctional setting, four of which were in a county jail and five of which were at a maximum security prison.

29. Plaintiff has 15 years in a prison setting, all of which were in a maximum-security prison.

30. Whereas Mr. Rowell's highest level was Captain (until he accepted a demotion due to stress and admitted inability to perform his duties as a Captain. Plaintiff's highest level was Chief of Security.

31. Mr. Rowell's resume does not indicate his level of education.

32. Plaintiff has an associate degree, and he is currently working on a Bachelor's degree.

33. Plaintiff also possesses certification with the American Correction Association (ACA) and the Management Development program.

34. Of the candidates that were interviewed, there were four black males (including Plaintiff) and one white candidate (Mr. Rowell), and Mr. Rowell was the candidate selected.

35. On July 23, 2021, Plaintiff filed an EEOC Charge of Discrimination against due to race and sex against MTC.

36. On August 18, 2021, in response to Plaintiff's EEOC Charge, MTC submitted a Position Statement to the EEOC.

37. MTC's Position Statement alleges that "A base comparison of Mr. Vigiliante's qualifications and Plaintiff's qualifications show that Mr. Vigiliante was objectively more qualified for the position than was Plaintiff."

38. As described above, while is conceded that Mr. Vigiliante has slightly more experience than Plaintiff, Plaintiff had achieved a higher rank than Mr. Vigiliante, so it is a reasonable conclusion that Plaintiff was as or more qualified for the position than Mr. Vigiliante.

39. MTC's Position Statement alleges that regarding the Special Housing Manager position, interview notes indicated that Ms. Nelson was rated as having "more knowledge of the American Correctional Association standards, and had been serving as a Special Housing Manager in an acting capacity at the time the hiring process took place."

40. Plaintiff concedes that Ms. Nelson had functioned in the "acting capacity" as the Special Housing Manager, yet he contends that Ms. Nelson had obviously not been awarded the position of Special Housing Manager, and she possesses significantly inferior qualifications and years of correctional experience than himself.

Moreover, if "acting capacity" experience is going to be used as a basis for selecting a candidate in preference to superior qualifications and experience, then why was the position even posted?

41. MTC's Position Statement alleges that Mr. Rowell had "well-rounded skills suitable for the Chief of Security and was the most qualified for the position".

42. Yet, no objective evidence is given to substantiate this claim.

43. As described above, Plaintiff has achieved higher ranking positions and has significantly more years of experience than Mr. Rowell does.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF 42 U.S.C. § 1981 – RACE DISCRIMINATION

44. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 43 above as if fully incorporated herein.

45. As described in more detail above, Defendant has discriminated against Plaintiff because of his race which constitutes a violation of the 42 U.S.C. § 1981.

46. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

47. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and punitive damages pursuant to 42 U.S.C. §1981.

### COUNT II: VIOLATION OF TITLE VII – RACE DISCRIMINATION

48. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 47 above as if fully incorporated herein.

49. Defendant has discriminated against Plaintiff because of his race based on the facts identified above and is a violation of the Title VII.

50. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

51. The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

## **COUNT III:  VIOLATIONS OF TITLE VII – SEX DISCRIMINATION**

52. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 53 above as if fully incorporated herein.

53. As described in more detail above, Defendant has discriminated against Plaintiff because of his sex which constitutes a violation of the Title VII of the Civil Rights Act of 1964, as amended.

54. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

55. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff thus giving rise to both compensatory and puntive damages pursuant to Title VII.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;

3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgment and post-judgment interest;
8. Costs and expenses; and
9. Such further relief as is deemed just and proper.

THIS the 7th day of April 2023.

        Respectfully submitted,

        DERRICK SMITH, Plaintiff

By: /s/Louis H. Watson, Jr.
     Louis H. Watson, Jr.  (MB# 9053)
     Nick Norris (MB# 101574)
     Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com

8